UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROY JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>Respondent. | Case No. 1:16-cv-01304-JDP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY<br><br>ECF No. 1 |

Petitioner Michael Roy Johnson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons discussed below, the court will deny the petition and decline to issue a certificate of appealability.

**I. Background**

In May 1990, petitioner approached a woman waiting at a bus stop and offered her a ride. *See* ECF No. 14-1 at 8. Petitioner convinced the woman to walk with him to his house and to enter his garage. *See id*. Petitioner then shut the garage door, wrapped a telephone cord around the woman's neck, and raped her. *See id*. He also sexually assaulted the victim while holding a cigarette lighter to her head. *See id.* at 13. The victim reported that she was pregnant at the time of the rape and that she had an abortion a few weeks later. *See id*. at 15. The victim also quit her job due to the emotional effects of the offense and required counseling. *See id*. at 55. Petitioner was charged with rape while armed, and he pleaded guilty. *See id*. at 5, 14.

Petitioner committed the May 1990 rape while he was out on bond on a separate charge of rape while armed. *See id*. at 5. According to a police report, in December 1989, petitioner

entered his ex-girlfriend's home, grabbed a knife, and forced her to have intercourse with him. *See id.* at 13. In November 1990, the District of Columbia Superior Court sentenced petitioner to fifteen years to life for the May 1990 rape. *See id*. at 3. As a part of the plea agreement for the May 1990 rape, the pending charge for rape while armed for the December 1989 rape was dismissed. *See id*. at 17.

Between 2000 and 2010, petitioner had parole hearings before the United States Parole Commission ("Commission") and was denied parole. *See id*. at 14-48. Petitioner then filed a habeas petition under 28 U.S.C. § 2241 before this court, challenging the denials of parole. *See Johnson v. Rios*, No. 10-cv-1164, 2011 WL 13143678 (E.D. Cal. Mar. 29, 2011), *aff'd sub nom. Johnson v. Clay*, No. 11-17321, 539 F. App'x 748 (9th Cir. 2013). This court denied the petition, reasoning that the Commission "reasonably determined" that petitioner continued to "pose a risk to public safety based on the denial of one of the rapes and minimization of his role in the other rape." *Id*. at *4. Petitioner appealed, and the Ninth Circuit affirmed. *See Johnson*, 539 F. App'x at 748. Citing the Supreme Court's decision in *Swarthout v. Cooke*, 562 U.S. 216 (2011) (per curiam), the Ninth Circuit reasoned that petitioner's claims "fail[ed] because the D.C. parole regulations d[id] not give rise to a protected liberty interest." *Johnson*, 539 F. App'x at 748. Petitioner then had another parole hearing before the Commission in 2015, and the Commission again denied parole. *See* ECF No. 14-1 at 54-60.

This habeas proceeding arises from petitioner's 2015 parole hearing. As part of the 2015 hearing, petitioner had an in-person hearing at his prison. *See id*. at 57-60. Petitioner stated that he had been "insensitive," but he denied having raped the victim in 1990, stating that the victim was a prostitute. *See id* at 58. The Commission then provided petitioner with a one-page notice of action, informing him that his parole was denied. *See id*. at 60. The notice of action stated:

> Your Grid Score at your last hearing was 0 point(s). You continue to be scored under the 1987 guidelines of the D.C. Board of Parole.
>
> With adjustments reflecting your institutional record since your last hearing, your current Grid Score is 0. You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. The guidelines indicate that parole should be granted at this time.

> However, a departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are more serious parole risk than shown by your grid score because you committed two rapes in a five month period. You committed one of the attacks while on bond. While increased you have shown no interest to participate in Sex Offender Treatment Program and/or other related programs . . . .

*Id*. Petitioner then filed the instant habeas petition in September 2016. *See* ECF No. 1.

## II. Preliminary matters

The court begins with two preliminary matters. First, petitioner is a state prisoner, even though he had parole hearings before the Commission, a federal authority, and has been held in a federal prison.[1] Petitioner is serving a criminal sentence imposed by the Superior Court of the District of Columbia, so he is a state prisoner for purposes of federal habeas relief. *See Champion v. United States*, 947 F. Supp. 2d 84, 87 (D.D.C. 2013) (collecting cases); *Williams v. Smith*, No. 08-cv-535, 2008 WL 4057859, at *2 (E.D. Cal. Aug. 28, 2008) (same). A petition under 28 U.S.C. § 2254 is the proper means for a state prisoner to challenge a denial of parole. *See Cooke*, 562 U.S. at 217 (reviewing denial of parole under § 2254); *Roberts v. Hartley*, 640 F.3d 1042, 1043 (9th Cir. 2011) (same). Petitioner filed his petition under 28 U.S.C. § 2241, rather than § 2254, but the court will not require the parties to brief the merits under § 2254 because the analysis remains the same: under either provision, habeas relief for petitioner is foreclosed by the *Cooke* decision.

Second, three days after the court assigned this case to this magistrate judge, petitioner notified the court that his mailing address had changed from USP Atwater to an address at a residential re-entry center administered by the Volunteers of America, an organization that provides sex offender treatment. *See* ECF No. 26. A change of mailing address alone does not show release from custody, and a petitioner's release from custody does not necessarily make a

---

[1]The National Capital Revitalization and Self-Government Improvement Act of 1997 transferred various functions of the D.C. government's criminal justice system to federal authorities, including the housing of inmates and conducting parole hearings. *See generally Foster v. United States Bureau of Prisons*, 57 F. Supp. 3d 32, 34 (D.D.C. 2014); *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 68 (D.D.C. 2008); D.C. CODE §§ 24-101, 24-131.

habeas petition moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996); *Green v. Woodring*, 694 F. Supp. 2d 1115, 1121 (C.D. Cal. 2010). Thus, the court will reach the merits.

**III. Discussion**

Petitioner contends that the Commission erred in seven ways when it denied him parole:

1. The Commission abused its discretion by finding a reasonable probability that petitioner would disobey the law if he were released on parole.

2. The Commission abused its discretion by finding that petitioner committed rape in 1989 based on a police report.

3. The Commission abused its discretion by finding that petitioner had no interest in sex-offender treatment programs when in fact such programs were unavailable to petitioner.

4. The Commission abused its discretion in finding that petitioner posed a risk of reoffending despite his age, the duration of his incarceration, and his experience of working with female staff members without incident.

5. The Commission arbitrarily deprived petitioner of a presumptive parole date by failing to provide a rational explanation for departing from the applicable guidelines.

6. The Commission improperly exercised a judicial function in finding petitioner guilty of the 1989 rape based on a police report.

7. The Commission erroneously applied a preponderance of the evidence standard to find petitioner guilty of the 1989 rape.

ECF No. 1 at 6-12.

A state prisoner seeking habeas relief must show violation of federal law, and federal law does not require states to offer parole to their prisoners. *See* 28 U.S.C. §§ 2241(c), § 2254(a); *Cooke*, 562 U.S. at 219. When a state decides to create a liberty interest in parole under its own law, the Due Process Clause requires fair procedures for the vindication of that liberty interest, but "the only federal right at issue is procedural." *Cooke*, 562 U.S. at 220. Put another way, the question here is whether petitioner had adequate process during his parole proceeding, not whether the Commission's decision is correct. *See id.* at 222.

In *Swarthout v. Cooke*, the Supreme Court explained that the procedures required in the parole context are "minimal." *See id.* at 220. In light of the *Cooke* decision, parole procedures suffice "as long as the state provides an inmate seeking parole with an opportunity to be heard

and . . . a statement of the reasons why parole was denied." *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011). The Constitution "does not require more," and that is "the beginning and the end of the federal habeas courts' inquiry." *Cooke*, 562 U.S. at 220.[2]

Here, petitioner had the opportunity to be heard and was provided with the reasons why his parole was denied. Petitioner had an opportunity to present his evidence during his in-person hearing at his prison. *See* ECF No. 14-1 at 57-60. The Commission provided petitioner with a written decision that included the Commission's reasons for denying him parole. *See id*. at 60. These procedures satisfy the "minimal" threshold.

None of petitioner's arguments show that he had inadequate process before the Commission. Petitioner's first, third, and fourth claims—erroneously finding that petitioner had a reasonable probability of disobeying the law, posed a risk of reoffending, and had sex-offender treatment programs available to him—pertain to the merits of the Commission's decision, not the adequacy of process. His second, sixth, and seventh claims—reliance on a police report and applying a preponderance of the evidence standard—are procedural challenges, but they do not establish that petitioner's parole proceeding lacked the minimal procedures required. The fifth claim—denying parole without a rational explanation—mischaracterizes the record because the Commission provided rational explanations: petitioner raped a woman while he was on bond for being accused of raping another woman. ECF No. 14-1 at 60.[3]

Finally, even if the court were to consider the merits of petitioner's claims, he cannot prevail. Petitioner does not dispute that he pleaded guilty to raping a woman while he was on

---

[2] *See also Cowell v. Salazar*, 437 F. App'x 541 (9th Cir. 2011) ("[Petitioner] contends that *Cooke* does not foreclose habeas relief when the state action is arbitrary and capricious. [Petitioner's] argument, however, is that the denial of parole was arbitrary and capricious because the Board's unsuitability findings were belied by the record. *Cooke* forecloses this court from analyzing the sufficiency of the evidence to support the Board's decision.").

[3] Throughout his petition and his brief, petitioner relies on the law of the District of Columbia and argues that the Commission erred under that body of law. *See* ECF No. 1 at 1-12, 94-108. This is yet another basis for denial of the petition. "[F]ederal habeas corpus relief does not lie for errors of state law." *Cooke*, 562 U.S. at 219.

bond. He has also admitted, before his 2015 parole hearing, that he committed rape in 1990. *See* ECF No. 14-1 at 8, 16. However, the post-hearing assessment of the 2015 parole hearing shows that petitioner denied having committed rape in 1990. *See id* at 58. The denial of the offense and lack of remorse could show a reasonable probability that petitioner would disobey the law, which in turn supports the Commission's decision to deny parole. *See Bailey v. Fulwood*, 793 F.3d 127, 131 (D.C. Cir. 2015).

## IV. Certificate of appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court declines to issue a certificate of appealability.

## V. Order

1. Petitioner Michael Roy Johnson's petition for a writ of habeas corpus, ECF No. 1, is denied.

2. The court declines to issue a certificate of appealability.

3. The clerk of court is directed to enter judgment in favor of respondent Andre Matevousian and close the case.

IT IS SO ORDERED.

Dated: November 29, 2018

_____
UNITED STATES MAGISTRATE JUDGE